# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

|  |  |
|---|---|
| American GNC Corporation,<br><div align="right">Plaintiff,</div><br>v.<br><br>OnePlus Technology (Shenzhen) Co., Ltd;<br>STMicroelectronics NV; and<br>STMicroelectronics, S.R.L.,<br><div align="right">Defendants.</div> | Civil Action No. 6:20-cv-171<br><br>Patent Case<br><br>**Jury Trial Demanded** |

**STMICROELECTRONICS N.V.'S MOTION TO DISMISS UNDER RULES 12(B)(2), 12(B)(5), AND 12(B)(6)**[1]

---

[1] Although Plaintiff improperly conflates the individual Defendant entities, *see, e.g.*, Complaint, ECF No. 1. (Compl.) at 1 (lumping both ST Defendants together as "STMicro"), only Defendant STMicroelectronics N.V. seeks relief in this motion. Defendant STMicroelectronics S.R.L. has not been served.

# TABLE OF CONTENTS

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.  Service of Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.  Personal Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C.  Stating Claims for Induced and Willful Infringement. . . . . . . . . . . . . . 6

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    A.  AGNC's attempt to serve STNV was ineffective. . . . . . . . . . . . . . . . . 7

    B.  This Texas Court cannot exercise personal jurisdiction over
        Dutch entity STNV. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        1.  This Court cannot exercise general jurisdiction over
            STNV, because STNV is not "at home" in this
            District. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        2.  AGNC's inaccurate allegations are insufficient to
            demonstrate specific jurisdiction. . . . . . . . . . . . . . . . . . . . . . 10

            a.  STNV did not "purposefully direct[] activities at
                residents of th[is] forum." . . . . . . . . . . . . . . . . . . . . . 10

            b.  AGNC's claim does not "arise out of or relate to"
                any activities of STNV's. . . . . . . . . . . . . . . . . . . . . . . 12

            c.  The assertion of personal jurisdiction over STNV
                would be unreasonable and unfair. . . . . . . . . . . . . . . . . . 13

    C.  Jurisdiction is not proper under Rule 4(k)(2). . . . . . . . . . . . . . . . . . 14

    D.  AGNC has failed to state claims for induced or willful
        infringement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        1.  Inducement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

        2.  Willfulness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . 6, 19

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012 (Fed. Cir. 2009) . . . . . . . . . 5

*Avocent Huntsville Corp. v. Aten Int'l Co.*, 522 F.3d 1324 (Fed. Cir. 2008) . . . . . . . . . . . 4, 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007) . . . . . . . . . . . . . . . . . . . . . 6

*Blades v. Ill. Cent. R.R. Co.*,
    No. Civ. A. 02-3121, 2003 WL 1193662 (E.D. La. Mar. 12, 2003) . . . . . . . . . . . . 4

*Broadway Nat'l Bank v. Plano Encryption Techs., LLC*,
    173 F. Supp. 3d 469 (W.D. Tex. 2016) . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) . . . . . . . . . . . . . . . . . . 5

*Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925) . . . . . . . . . . . . . . . 4

*Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373 (Fed. Cir. 2015) . . . . . . . . . . . 11, 12

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) . . . . . . . . . . . . . . . . . . 5, 9, 10, 15

*De Bree v. Pac. Drilling, Inc.*,
    No. H-18-4711, 2019 WL 6186526 (S.D. Tex. Oct. 29, 2019),
    *adopted* 2019 WL 6175209 (S.D. Tex. Nov. 20, 2019) . . . . . . . . . . . . . . . . 12

*Del Castillo v. PMI Holdings N. Am. Inc.*,
    No. 4:14-cv-03435, 2016 WL 3745953 (S.D. Tex. July 13, 2016) . . . . . . . . . . . . 8

*Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003) . . . . . . . . . . . . 6, 13

*Global-Tech Appliances, Inc. v. SEB SA*, 563 U.S. 754 (2011) . . . . . . . . . . . . . . 6, 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) . . . . . . . . . . . 5

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016) . . . . . . . . . . . . . . 7, 18

*Hargrave v. Fibreboard Corp.*,
    710 F.2d 1154, 1160 (5th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) . . . . . . . . . . . . . . 7, 18

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) . . . . . . . . . . . . . . . . . . . 5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017) . . . . . . . . . . . 6

*McGuire v. Sigma Coatings, Inc.*,
    48 F.3d 902 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) . . . . . . . . . . 18, 19

*Mikkelsen Graphic Eng'g Inc. v. Zund Am., Inc.*,
　No. 007-C-0391, 2011 WL 6122377 (E.D. Wisc. Dec. 8, 2011). . . . . . . . . . . . . . . .　17

*Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010) . . . . . .　5, 10

*Parity Networks, LLC v. Cisco Sys., Inc.*,
　No. 6:19-CV-00207, 2019 WL 3940952 (W.D. Tex. July 26, 2019) . . . . . . . . . . .　7, 18

*Rittinger v. Davis Clinic*,
　No. 4:17-cv-626, 2018 WL 1470592 (S.D. Tex. Mar. 23, 2018) . . . . . . . . . . . . . . .　8

*Slyce Acquisition v. Syte-Visual Conception Ltd.*,
　No. W-19-CV-00257-ADA, 422 F. Supp. 3d 1191 (W.D. Tex. Oct. 22, 2019). . . . . . . .　11

*SoftView LLC v. Apple Inc.*,
　No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012 . . . . . . . . . . . . . . . . .　16

*Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*,
　563 F.3d 1285 (Fed. Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .　14

*Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990) . . . . . . . . .　4

*U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*,
　No. 6:12-cv-366, 2013 WL 8482270 (E.D. Tex. Mar. 6, 2013). . . . . . . . . . . . . . . .　6

*United States ex rel. Vallejo v. Investronica, Inc.*, 2 F. Supp. 2d 330 (W.D.N.Y. 1998). . . . . .　4, 7

*Välinge Innovation AB v. Halstead New England Corp.*,
　No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) . . . . . . . . . . . . .　7

*Volkswagenwerk Aktiengesellschaft v. Schunk*, 486 U.S. 694 (1988) . . . . . . . . . . . . . .　3

*Wilco Marsh Buggies & Draglines, Inc. v. EIK Eng'g SDN.BHD*,
　No. 6-19-CV-00565-ADA, ECF No. 20 (W.D. Tex. Feb. 26, 2020). . . . . . . . . . . . . .　3

*ZitoVault, LLC v. Int'l Bus. Machines Corp.*,
　No. 3:16-CV-0962-M, 2018 WL 2971131 (N.D. Tex. Mar. 29, 2018) . . . . . . . . . . . .　17

## Other Authorities

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or
　Commercial Matters art. 3, 20 U.S.T. 361, T.I.A.S. No. 6638. . . . . . . . . . . . . . . . .　4

## Rules

Fed. R. Civ. P. 12(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .　1, 19

Fed. R. Civ. P. 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .　1, 8, 19

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .　1, 15, 19

Fed. R. Civ. P. 4(f)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .　3

Fed. R. Civ. P. 4(h)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .　3

Fed. R. Civ. P. 4(k)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .　14, 15

## Introduction

Plaintiff American GNC Corporation (AGNC) accuses Defendants OnePlus Technology (Shenzhen) Co., Ltd (OnePlus); STMicroelectronics N.V. (STNV); and STMicroelectronics S.R.L. (STSRL) of patent infringement. Relevant here are AGNC's allegations that Dutch Defendant STNV infringed two patents: U.S. Patent Nos. 6,311,555 and 6,697,758. Both patents are expired, so at most, AGNC can seek damages only for alleged pre-suit infringement.

Defendants STNV and STSRL are two independent entities. Nevertheless, AGNC directs all of its allegations to "STMicro," a non-existent entity that Plaintiff defines collectively as Defendants STNV and STSRL. AGNC's failure to recognize the ST Defendants' corporate separateness has affected AGNC's attempts at (i) service; (ii) demonstrating jurisdiction; and (iii) meeting the pleading standard. *First*, AGNC attempted to effect service not on STNV in the Netherlands where it is incorporated, but instead on STMicroelectronics SA—a non-party to this lawsuit—in Switzerland. *Second*, AGNC alleges that "STMicro" has significant jurisdictional ties with this forum, when in fact, Dutch holding company STNV has none. *Third*, the Complaint suggests that "STMicro" received notice of one of the patents-in-suit through the activities of non-party, STMicroelectronics, Inc. But notice to STMicroelectronics, Inc. does not constitute notice to STNV.

Because AGNC has failed to serve, demonstrate jurisdiction over, or state claims for inducement or willfulness against STNV, STNV asks the Court to dismiss the Complaint under Rules 12(b)(2), (5), and (6).

## Background

Defendant STNV is a holding company.[2] It is incorporated under the laws of and maintains its corporate legal seat in the Netherlands.[3] STNV does not manufacture, market, distribute, offer to sell, sell, import, export, transport, or service products or services in or to Texas or anywhere else in the United States.[4] It has no offices, facilities, bank accounts, employees, or real estate in Texas or anywhere else in the United States.[5] STNV does not publish, own, or operate any website.[6] It is not registered to conduct business in Texas, and has no authorized representative here.[7]

Notwithstanding this complete lack of ties to the United States, on March 4, 2020, AGNC filed this patent-infringement lawsuit against STNV (and other Defendants) in this Texas Court. *See generally* Compl. In mid-May, AGNC purported to serve *Dutch* entity *STNV* by having a document directed to STNV's subsidiary, non-party "*STMicroelectronics SA*,"[8] delivered to an address in *Switzerland*.[9] AGNC's attempt at service was, simply put, ineffective.

Substantively, AGNC accuses "STMicro" of, among other things, induced and willful infringement of the '555 and '758 Patents. Both of these claims require AGNC to show that each accused entity had notice of the patents. AGNC alleges that "STMicro" received actual notice

---

[2]    *See* **Ex. A**: A. Mayo Declaration ¶ 5.

[3]    *See* **Ex. A**: A. Mayo Declaration ¶ 4.

[4]    *See* **Ex. A**: A. Mayo Declaration ¶ 5.

[5]    *See* **Ex. A**: A. Mayo Declaration ¶¶ 9–11, 13.

[6]    *See* **Ex. A**: A. Mayo Declaration ¶ 8.

[7]    *See* **Ex. A**: A. Mayo Declaration ¶ 12.

[8]    *See* **Ex. A**: A. Mayo Declaration ¶ 6.

[9]    *See* **Ex. B**: "Convocation," directed to STMicroelectronics SA.

of the '555 Patent through subpoenas served upon non-party STMicroelectronics, Inc. (not STNV) in an unrelated litigation in 2017. *See* Compl. ¶¶ 89–91, 156. Importantly, AGNC does not allege that either of the subpoenas referenced any of the accused products in this case. For the '758 Patent, AGNC alleges that "STMicro" was put on notice when Defendant OnePlus asked AGNC for consent to share a claim chart for the '758 Patent with "STMicro." *See* Compl. ¶¶ 71, 286. Neither AGNC's service of a subpoena upon a non-party in unrelated litigation, nor Defendant OnePlus's alleged conversation with AGNC, suffice to plead that STNV had notice of either patent.

## Legal Standards

### A.  Service of Process

"A district court cannot exercise jurisdiction over a defendant which has not been [served] properly." *Wilco Marsh Buggies & Draglines, Inc. v. EIK Eng'g SDN.BHD*, No. 6-19-CV-00565-ADA, ECF No. 20 at 2 (W.D. Tex. Feb. 26, 2020) (Albright, J.). "'Actual notice of the litigation does not satisfy the requirement of proper service of summons under Rule 4.'" *Id.* (quoting *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995)).

Rule 4(h)(2) provides that service upon a foreign corporate defendant like STNV may be accomplished through any manner prescribed in Rule 4(f) for serving individuals, except personal delivery. Rule 4(f), in turn, provides that service at a place not within a judicial district of the United States may be accomplished through the Hague Convention. *See* Fed. R. Civ. P. 4(f)(1). Although Rule 4(f) provides for other means of service, "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schunk*, 486 U.S. 694, 705 (1988). Here, because the United States and the Netherlands are both signatories to the

3

Convention,[10] the Convention applies. To effect service on STNV in the Netherlands, article 3 of the Hague Convention requires sending a request to the Central Authority of the Netherlands. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 3, 20 U.S.T. 361, T.I.A.S. No. 6638.

It is AGNC's burden to demonstrate that service was proper. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). Importantly, "[t]he law is well settled that service of process on a wholly-owned subsidiary does not constitute service of process on a parent corporation where separate corporate identities are maintained." *United States ex rel. Vallejo v. Investronica, Inc.*, 2 F. Supp. 2d 330, 335 (W.D.N.Y. 1998) (citing *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925)); *see also Blades v. Ill. Cent. R.R. Co.*, No. Civ. A. 02-3121, 2003 WL 1193662, at *2 (E.D. La. Mar. 12, 2003) ("Regardless of whether the defendant is located outside of the United States, service upon a subsidiary is generally insufficient to effect service upon a parent corporation."). Here, STNV maintains a separate corporate identity from STMicroelectronics SA, and AGNC has pleaded nothing to the contrary.

## B. Personal Jurisdiction

This Court looks to Federal Circuit law to determine whether it has personal jurisdiction over STNV "because the jurisdictional issue is intimately involved with the substance of the patent laws." *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 522 F.3d 1324, 1328 (Fed. Cir. 2008) (quotation marks omitted). Determining whether personal jurisdiction exists over an out-of-state

---

[10]    Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated Mar. 4, 2020).

defendant requires answering two questions: (i) Does the forum state's long-arm statute permit service of process? and (ii) Would the assertion of personal jurisdiction violate due process? *Id.* at 1329. Here, "[b]ecause the Texas long-arm statute has been interpreted as extending to the limit of due process, the two inquiries are the same for district courts in Texas." *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 474 (W.D. Tex. 2016). "The constitutional touchstone for determining whether an exercise of personal jurisdiction comports with due process 'remains whether the defendant purposefully established minimum contacts in the forum state.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945))).

"'Minimum contacts' may give rise to either general or specific jurisdiction." *Id.* General jurisdiction "requires that the defendant have continuous and systematic contacts with the forum state and confers personal jurisdiction even when the cause of action has no relationship with those contacts." *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009) (quotation marks omitted). A court may exercise general jurisdiction "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To determine whether specific jurisdiction exists, the Federal Circuit applies a three-prong test, asking: "(1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). "The plaintiff has the burden to show minimum contacts exist

under the first two prongs, but the defendant has the burden of proving the exercise of jurisdiction would be unreasonable under the third prong." *Broadway Nat'l*, 173 F. Supp. 3d at 474 (citing *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003)).

## C.  Stating Claims for Induced and Willful Infringement

"[C]laims for indirect infringement or willful infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal*." *U.S. Ethernet Innovations, LLC v. Cirrus Logic, Inc.*, No. 6:12-cv-366, 2013 WL 8482270, at *3 (E.D. Tex. Mar. 6, 2013). In other words, AGNC must plead "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

Liability for induced patent infringement requires the alleged infringer to know (i) the patent exists, and (ii) "that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB SA*, 563 U.S. 754, 765–66 (2011). So "[f]or an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (citation omitted) (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

"To state a claim for willful infringement, 'a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should

have known, that its conduct amounted to infringement of the patent.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)). "The sort of conduct warranting enhanced damages has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). Relevant here, in *Halo*, the Supreme Court overruled the standard from *In re Seagate Technology, LLC*, explaining:

> Under *Seagate*, a patent owner must first "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." Second, the patentee must demonstrate, again by clear and convincing evidence, that the risk of infringement "was either known or so obvious that it should have been known to the accused infringer." The question before us is whether this test is consistent with § 284. We hold that it is not.

*Id.* at 1928, *overruling* 497 F.3d 1360, 1371 (Fed. Cir. 2007) (citations omitted).

## Argument

### A.  AGNC's attempt to serve STNV was ineffective.

AGNC purported to serve STNV by having the Complaint delivered to STMicroelectronics SA at an address in Switzerland.[11] This attempt at service was ineffective—STMicroelectronics SA, a subsidiary of Defendant STNV,[12] is not a party to this lawsuit. And a parent may not be served through its subsidiary unless the entities do not maintain separate corporate identities. *See Investronica, Inc.*, 2 F. Supp. 2d at 335.

---

[11]   *See* **Ex. B**: "Convocation," directed to STMicroelectronics SA.

[12]   *See* **Ex. A**: A. Mayo Declaration ¶ 6.

Here, the Complaint contains no allegations about non-party STMicroelectronics SA at all, much less allegations that it is STNV's alter ego. Thus, AGNC has not met its burden to show that service in Switzerland on a third-party was effective. *See Rittinger v. Davis Clinic*, No. 4:17-cv-626, 2018 WL 1470592, at *5 (S.D. Tex. Mar. 23, 2018) (granting 12(b)(5) motion to dismiss where plaintiff attempted to serve defendant's alleged alter ego, but failed to prove that the entities were alter egos for the purpose of proper service). Accordingly, dismissal is warranted. *See* Fed. R. Civ. P. 12(b)(5).

## B. This Texas Court cannot exercise personal jurisdiction over Dutch entity STNV.

Even if AGNC had effectively served STNV—and it did not—STNV is not subject to personal jurisdiction in this Court. As a preliminary matter, AGNC fails to distinguish between the Defendant entities in the Complaint, alleging that "[e]ach STMicro Defendant is subject to this Court's general personal jurisdiction" for participating in certain alleged activities. *See* Compl. ¶ 12. By lumping the ST Defendants together, AGNC fails to allege any jurisdictional facts specific to STNV. The Complaint should be dismissed for this reason alone. *Cf. Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-cv-03435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016) ("Plaintiffs do not in any way distinguish the alleged actions of PMI Holdings from the actions of the other 'PMI defendants,' nor do the allegations even delineate between the actions of the 'PMI defendants' and the actions of the 'Pemex defendants.' Plaintiffs simply lump together eight distinct corporate entities. . . . [L]umping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of Rules 8(a)(2) and 12(b)(6).").

But even assuming these allegations applied to Defendant STNV individually, none of AGNC's pleaded bases for jurisdiction is supportable.

1.  **This Court cannot exercise general jurisdiction over STNV, because STNV is not "at home" in this District.**

"[O]nly a limited set of affiliations with a forum will render a defendant ['at home,' i.e.] amenable to all-purpose jurisdiction there." *Daimler AG*, 571 U.S. at 137.

> With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

*Id.* (quotation marks, alterations, and citations omitted).

Here, AGNC has not pleaded any basis for general jurisdiction; rather, it seems to confuse general and specific jurisdiction. For example, AGNC alleges that "[e]ach STMicro Defendant is subject to this Court's general personal jurisdiction . . . due at least to its substantial business conducted in this District." *See* Compl. ¶ 12. But as the Supreme Court has explained, to "approve the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" would be "unacceptably grasping." *Daimler AG*, 571 U.S. at 138. AGNC also purports to base general jurisdiction on a stream-of-commerce theory. *See* Compl. ¶ 12. But "[a]lthough the placement of a product into the stream of commerce may bolster an affiliation germane to *specific* jurisdiction, . . . such contacts do not warrant a determination that, based on those ties, the forum has *general* jurisdiction over a defendant." *Daimler AG*, 571 U.S. at 132 (emphases in original) (quotation marks omitted).

AGNC is unable to plead general jurisdiction because there are no facts that even suggest that STNV might be "at home" in this District. STNV is incorporated and maintains its

corporate legal seat in the Netherlands.[13] It is not registered to conduct business in Texas, and

has no authorized representative in Texas.[14] It has no offices, facilities, real estate, bank accounts,

or employees in Texas or anywhere else in the United States.[15] Because none of the "paradigm

bases for general jurisdiction" over STNV exist, an exercise of all-purpose jurisdiction would be

improper. *See id.* at 137.

**2. AGNC's inaccurate allegations are insufficient to demonstrate specific jurisdiction.**

For specific jurisdiction to exist, (i) STNV must have purposefully directed its activities at

residents of this forum; (ii) the claim must have arisen out of or relate to those activities; and

(iii) the assertion of personal jurisdiction must be reasonable and fair. *See Nuance Commc'ns, Inc*,

626 F.3d at 1231. None of these factors is met here.

**a. STNV did not "purposefully direct[] activities at residents of th[is] forum."**

AGNC alleges that "STMicro" (i) solicited and transacted business in Texas;

(ii) attempted to derive financial benefit from Texas residents; (iii) placed infringing products

and services into the stream of commerce with the expectation that they would be purchased and

used by consumers in this District; and (iv) makes, imports, ships, distributes, offers for sale,

sells, uses, and advertises (through a website) products and/or services in the United States,

Texas, and this District. *See* Compl. ¶¶ 12–14.

---

[13]   *See* **Ex. A**: A. Mayo Declaration ¶ 4. AGNC incorrectly alleges that STNV is "duly organized and existing under the laws of Switzerland." *See* Compl. ¶ 3. The Netherlands is STNV's actual place of incorporation.

[14]   *See* **Ex. A**: A. Mayo Declaration ¶ 12.

[15]   *See* **Ex. A**: A. Mayo Declaration ¶¶ 9–11, 13.

These boilerplate jurisdictional allegations are untrue. STNV is a holding company incorporated under the laws of and maintaining its corporate legal seat in the Netherlands.[16] It does not manufacture, market, distribute, offer to sell, sell, import, export, transport, or service any products or services in or to Texas or anywhere else in the United States.[17] STNV does not publish, own, or operate any website whatsoever, much less one directed at residents of this District.[18]

Further, AGNC's stream-of-commerce theory is unsupported. "The precise requirements of the stream-of-commerce theory of jurisdiction remain unsettled." *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1381 (Fed. Cir. 2015). The question is "[w]hether mere placement into the stream of commerce is sufficient to establish jurisdiction, or whether intent that the products reach the forum is required." *Id.* "The Federal Circuit has repeatedly refused to endorse either articulation of the stream of commerce theory. Instead, the Federal Circuit's approach is to determine whether the plaintiff can establish minimum contacts—or has failed to establish minimum contacts—under both theories . . . ." *Slyce Acquisition v. Syte-Visual Conception Ltd.*, No. W-19-CV-00257-ADA, 422 F. Supp. 3d 1191, 1197 (W.D. Tex. Oct. 22, 2019). Here, a stream-of-commerce theory will not support jurisdiction under either test—STNV neither placed anything into the stream of commerce, nor intended that any products reach this District. As mentioned, STNV is a holding company that does not place any products into commerce.[19]

---

[16]  *See* **Ex. A**: A. Mayo Declaration ¶ 4.

[17]  *See* **Ex. A**: A. Mayo Declaration ¶ 5.

[18]  *See* **Ex. A**: A. Mayo Declaration ¶ 8.

[19]  *See* **Ex. A**: A. Mayo Declaration ¶ 5.

To the extent to that AGNC purports to base stream-of-commerce or purposeful availment jurisdiction on an agency or alter ego theory, this too fails. AGNC's naked allegations that "STMicro" may have engaged in certain activities "through subsidiaries and agents" are insufficient. *See* Compl. ¶¶ 13–14. To demonstrate jurisdiction on an agency theory, AGNC must show that STNV attempted to control or direct the activities of certain identified agents. *See Celgard*, 792 F.3d at 1379. And to "attribute or impute one corporation's jurisdictional contacts with the forum to another corporation [under an alter ego theory,] there must be 'proof of control by [one corporation] over the internal business operations and affairs of [the other].'" *De Bree v. Pac. Drilling, Inc.*, No. H-18-4711, 2019 WL 6186526, at *4 n.3 (S.D. Tex. Oct. 29, 2019), *adopted* 2019 WL 6175209 (S.D. Tex. Nov. 20, 2019) (quoting *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983)). But the Complaint contains no allegations of either nature. In fact, AGNC does not even identify who "STMicro's" "subsidiaries or agents" might be, much less STNV's. "As such, [AGNC] has not shown the requisite control for jurisdiction to be premised on the acts of agents. Similarly, [AGNC] has not alleged facts sufficient to base jurisdiction on the acts of an alter ego." *Celgard*, 792 F.3d at 1379.

### b. AGNC's claim does not "arise out of or relate to" any activities of STNV's.

Because AGNC cannot show specific jurisdiction over STNV under the first prong of the test, it likewise cannot meet the second. In particular, AGNC claims that "STMicro" committed and benefited from the complained-of tortious acts (i.e., patent infringement) in this District. *See* Compl. 12, 14. But as explained, STNV—a holding company—has not engaged in any activities

in this District, including patent infringement.[20] AGNC's claim therefore does not "arise out of or relate to" STNV's conduct.

### c. The assertion of personal jurisdiction over STNV would be unreasonable and unfair.

Further, for this Texas Court to exercise jurisdiction over a Dutch holding company with no contacts in this forum would violate traditional notions of fair play and substantial justice. The following factors inform the reasonableness inquiry: "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Elecs. For Imaging*, 340 F.3d at 1352. An analysis of each factor confirms that jurisdiction would be unreasonable here:

*The burden on the defendant*. The burden on STNV of litigating in this forum would be significant. STNV is a Dutch corporation with its corporate legal seat in the Netherlands.[21] It has no offices here, no employees here, no property here, and is not registered to do business here.[22]

*The interests of the forum state*. Texas has no interest in this case. The plaintiff is a California corporation, and STNV (along with both of the other Defendants) is incorporated outside the United States. *See* Compl. ¶¶ 1–4.

---

[20]    *See* **Ex. A**: A. Mayo Declaration ¶ 5.

[21]    *See* **Ex. A**: A. Mayo Declaration ¶ 4.

[22]    *See* **Ex. A**: A. Mayo Declaration ¶¶ 9–10, 12–13.

13

*The plaintiff's interest in obtaining relief.* That AGNC may have an interest in pursuing its infringement allegations does not permit it to sue in a Court that cannot exercise jurisdiction over the Defendants. AGNC may pursue the relief it seeks in an appropriate forum.

*The interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental substantive social policies.* It would be inefficient to burden this Court's (or country's) judicial resources with a case to which it has no connection. And jurisdiction here would interfere with foreign interests, because STNV is a citizen of the Netherlands that did not choose to conduct business with or direct any activities toward Texas residents.

Thus, the assertion of personal jurisdiction is not only unsupportable under minimum contacts, but it would offend traditional notions of fair play and substantial justice as well.

## C. Jurisdiction is not proper under Rule 4(k)(2).

Finally, AGNC pleads that jurisdiction is proper over "STMicro" under Rule 4(k)(2). *See* Compl. ¶ 15. Rule 4(k)(2) provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> > (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> >
> > (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). Rule 4(k)(2) "serves as a federal long-arm statute, which allows a district court to exercise personal jurisdiction over a foreign defendant whose contacts with the United States, but not with the forum state, satisfy due process." *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1296 (Fed. Cir. 2009).

14

First, Rule 4(k)(2) is inapplicable because AGNC has not served STNV with a summons. *See* discussion above, pp. 7–8. But the rule would not confer jurisdiction even if it had. AGNC alleges no facts supporting its assertion that "[p]ersonal jurisdiction over . . . STMicro is also proper under Fed. R. Civ. P. 4(k)(2)." *See* Compl. ¶ 15. Indeed, although AGNC's claim does arise under federal law and STNV is not subject to jurisdiction in any state's courts of general jurisdiction, STNV does not have minimum contacts with the United States. It does not manufacture, market, distribute, offer to sell, sell, import, export, transport, or service products or services in or to the United States.[23] It has no offices or facilities in the United States.[24] It owns no real estate, has no bank accounts, and has no employees in the United States.[25] Exercising jurisdiction over STNV would therefore be inconsistent with the United States Constitution and laws. *See* Fed. R. Civ. P. 4(k)(2).

An "[e]xercise[] of personal jurisdiction so exorbitant [as what AGNC proposes here] [is] barred by due process constraints on the assertion of adjudicatory authority." *See Daimler*, 571 U.S. at 121–22. Because this Court does not have personal jurisdiction over STNV, the Complaint should be dismissed.

## D.  AGNC has failed to state claims for induced or willful infringement.

Finally, AGNC's allegations of induced and willful infringement should be dismissed under Rule 12(b)(6) for failing to satisfy the pleading standard. *See* Compl. ¶¶ 153–54, 156–57 (alleged induced infringement of '555 Patent); *id.* ¶¶ 283–84, 286–87 (alleged induced infringement of

---

[23]   *See* **Ex. A**: A. Mayo Declaration ¶ 5.

[24]   *See* **Ex. A**: A. Mayo Declaration ¶ 9.

[25]   *See* **Ex. A**: A. Mayo Declaration ¶¶ 10–11, 13.

'758 Patent); *id.* ¶¶ 298–99 (alleged willful infringement of '555 and '758 Patents). For both

claims, AGNC fails to properly allege notice of the patents,[26] or the other requisite elements of

each allegation.

### 1. Inducement

To plead inducement, AGNC must allege that (i) STNV had pre-suit notice of the patents,

and (ii) that the allegedly induced acts constitute infringement. *See Global-Tech Appliances, Inc.*,

563 U.S. at 765–66. AGNC does neither.

First, AGNC's notice allegations are insufficient. For the '555 Patent, AGNC alleges that

"STMicro" received notice through subpoenas served three years ago upon

STMicroelectronics, Inc., a non-party to this case. *See* Compl. ¶¶ 89–91, 156. These subpoenas

unlikely put STMicroelectronics, Inc. on notice of the patents' existence. *Cf., e.g., SoftView LLC

v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, at *5–*6 (D. Del. July 26, 2012) (explaining

that, standing alone, allegations that defendant became aware of the patent through (i) its

subsidiary's citation of the patent's parent application in previous prosecution; (ii) the

defendant's connection with the patent's inventor; (iii) and the defendant's business relationship

were inadequate to allege notice). But even if STMicroelectronics, Inc. could be deemed to have

received notice of the patent's *existence* through the subpoenas, the subpoenas did not put it on

notice that the allegedly induced acts based on the products accused here were infringing. To the

contrary, the Complaint repeats STMicroelectronics Inc.'s attempts to confirm, in connection

with the subpoenas, that it was *not*, and would not be, accused of infringement. *See, e.g.,* Compl.

¶¶ 96, 97. Indeed, AGNC never even alleges that either subpoena lists any of the accused

---

[26] Because both patents-at-issue are expired, only pre-suit knowledge is relevant.

products in this case, a necessary requirement for the subpoenas to put STMicroelectronics, Inc. on notice that it was inducing third parties to infringe by using the accused products here. *Cf., e.g., Mikkelsen Graphic Eng'g Inc. v. Zund Am., Inc.*, No. 007-C-0391, 2011 WL 6122377, at *8 (E.D. Wisc. Dec. 8, 2011) ("In the present case, there is no admissible evidence indicating that Zund Systemtechnik intended to encourage Zund America to infringe the '168 or '187 patents. Even assuming that Zund Systemtechnik knew of the patents, it was reasonable for it to believe that the accused vision systems did not infringe.").

Moreover, AGNC's pleading efforts again suffer from its entity confusion and conflation. In particular, even if *STMicroelectronics, Inc.* may have learned of the patents through the subpoenas, which AGNC has not sufficiently alleged, that does not mean that *STNV* did. More than just the bare facts of an entity relationship are required to plausibly allege that a parent or subsidiary had imputed knowledge of an asserted patent. *See, e.g., ZitoVault, LLC v. Int'l Bus. Machines Corp.*, No. 3:16-CV-0962-M, 2018 WL 2971131, at *3 (N.D. Tex. Mar. 29, 2018) ("Plaintiff further argues that IBM's knowledge of the '257 patent can be imputed to SoftLayer, its subsidiary. Knowledge of a patent by a parent corporation is not necessarily imputed to its subsidiary. . . . Plaintiff needs to set out, in its Complaint, more than just the bare facts of the parent/subsidiary relationship in order to plausibly allege that SoftLayer had knowledge of the '257 patent."). Here, AGNC has not even pleaded how the ST entities are related.

AGNC's notice allegations regarding the '758 Patent fare no better. AGNC's allegation that STNV had notice of the '758 Patent rests on the contention that, on April 28, 2016, Defendant OnePlus asked AGNC for consent to share a claim chart for the '758 Patents with "STMicro." *See* Compl. ¶¶ 71, 286. Of course, even accepting this allegation as true, Defendant

OnePlus's conversation with AGNC does not show that STNV had notice of the patent, or that STNV knew that any allegedly induced acts constituted infringement.

AGNC's inducement allegations against STNV should be dismissed.

### 2. Willfulness

Willfulness requires AGNC to plead that STNV (i) knew of the patents; (ii) after acquiring that knowledge, infringed the patents; and (iii) in doing so, it knew, or should have known, that its conduct amounted to infringement. *Parity Networks, LLC*, 2019 WL 3940952, at *3. Here, for the same reasons AGNC's notice allegations fail to state a claim for inducement, they fail to plead the notice required to state a claim for willfulness. The first factor is therefore not met.

But even if AGNC's notice allegations were sufficient—and they are not—the willfulness allegations still fail the third factor. Specifically, AGNC alleges that "STMicro has infringed the above identified claims of each of the '555 and '758 Patents despite its knowledge of the Patents-in-Suit[]and the objectively high likelihood that its actions constitute patent infringement. STMicro's infringement of the '555 and '758 Patents was willful and deliberate, entitling AGNC to enhanced damages . . . ." Compl. ¶¶ 298–99. This "willfulness claim has two fatal flaws." *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018). First, these boilerplate allegations "do[] not allege any facts raising a plausible inference of the egregious behavior required under *Halo*." *Id.* Second, the Complaint states the elements of the overruled *Seagate* test, not the proper elements of *Halo*. *Compare* Compl. ¶¶ 298 (alleging STNV's knowledge of the Patents-in-Suit[]and the objectively high likelihood that its actions constitute patent infringement), *with Halo*, 136 S. Ct. at 1928 (holding *Seagate*'s "objectively high likelihood" test was not consistent with § 284). AGNC's willfulness allegations as to STNV should therefore be dismissed for this additional reason. *See Meetrix IP*,

2018 WL 8261315, at *4 (dismissing willfulness claim with similar allegations for "stat[ing] legal conclusions without 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,'" and making "willfulness allegation[s] under the abrogated *Seagate* standard" (quoting *Ashcroft v. Iqbal*, 556 U.S. at 678)).

In sum, AGNC has not met the pleading standard to allege that STNV committed induced or willful infringement. Those allegations should be dismissed under Rule 12(b)(6).

## Conclusion

AGNC has brought a Complaint filled with allegations against "STMicro," a non-existent entity it defines as foreign Defendants STNV and STSRL. As a result of AGNC's improper entity conflation, it has (i) failed to effect service on STNV, attempting instead to serve a non-party in the wrong country; (ii) sued a Dutch Defendant in a Texas Court where it is not subject to personal jurisdiction; and (iii) and failed the pleading standard for inducement and willfulness. Each of these failures warrants dismissal. Accordingly, STNV asks the Court to dismiss Plaintiff's claims under Rules 12(b)(2), 12(b)(5), and 12(b)(6).

19

June 8, 2020                          Respectfully submitted,


                                     */s/ Vishal Patel*
                                     **Bruce S. Sostek**
                                         Texas State Bar No. 18855700
                                         Bruce.Sostek@tklaw.com
                                     **Vishal Patel**
                                         Texas State Bar No. 24065885
                                         Vishal.Patel@tklaw.com
                                     **Natalie M. Cooley**
                                         Texas State Bar No. 24079912
                                         Natalie.Cooley@tklaw.com

                                     **THOMPSON & KNIGHT LLP**
                                     One Arts Plaza
                                     1722 Routh St., Suite 1500
                                     Dallas, Texas 75201
                                     214.969.1386
                                     214.880.3267 (Fax)

                                     **ATTORNEYS FOR DEFENDANT
                                     STMICROELECTRONICS N.V.**


## CERTIFICATE OF SERVICE

I certify that on June 8, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF, which sent notice of the filing to all case participants.

                                     */s/ Vishal Patel*
                                     Vishal Patel